CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUL 2 0 2005

JOHN F. CORCORAN, CLERK
BY: _Pam Coleman_
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| KIRK D. RAMEY, | CIVIL ACTION NO. 6:05-CV-00023 |
| *Plaintiff,* | |
| v. | ORDER AND OPINION |
| NIPRO DIABETES SYSTEMS, INC., | |
| *Defendant.* | JUDGE NORMAN K. MOON |

The above-captioned matter is before the Court on Defendant's Notice of Removal, filed June 23, 2005. Defendant asserts that it is entitled to removal under 28 U.S.C. § 1441, based upon both 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity of citizenship), but it has not demonstrated that this Court truly has either federal question or diversity jurisdiction. Pursuant to 28 U.S.C. § 1446(a), the burden to demonstrate the propriety of removal is on the party seeking to invoke jurisdiction.

Defendant has failed to provide the Court with "a copy of all process, pleadings, and orders" served upon the Defendant, as required by 28 U.S.C. § 1446. The procedural requirements for removal are well settled. A defendant desiring to remove must file a notice "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon [the] defendant or defendants in such action." 28 U.S.C. § 1446(a). The inclusion of this material in a notice of removal is not a mere formality

designed to trap the unwary. Rather, it performs the essential function of allowing the Court to satisfy itself that requirements for jurisdiction have been satisfied, allowing removal. Because Defendant has failed to provide this information, the Court has no way of verifying any of the allegations that Defendant makes, particularly that Plaintiff's cause of action arises under the laws of the United States, that complete diversity exists, and that the amount of damages that Plaintiff claims are sufficient to support diversity jurisdiction. Defendant must provide the Court with a copy of all process, pleadings, and orders served upon the Defendant in order to properly allege removal under diversity jurisdiction and federal question jurisdiction.

Defendant also has failed to allege the existence of diversity at the time the action commenced and at the time the Defendant filed the Notice of Removal. Defendant has merely alleged that diversity exists without temporal specificity. For removal purposes, diversity must exist both at the time that the action commences and at the time that the defendant files a notice of removal. *See Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001); *United Food Local 919 v. Centermark Properties*, 30 F.3d 298, 301 (2d Cir. 1994). Therefore, in a notice of removal, the defendant actually must allege the existence of diversity jurisdiction at both of these periods. *See Hubbard v. Tripp*, 611 F.Supp. 895, 896 (E.D. Va. 1985) ("The failure to specify defendant's and plaintiff's citizenship at the time of filing the complaint is, I think, fatal."); *Western Reserve Life Assur. Co. of Ohio*, 570 F.Supp. 8, 10 (M.D. Tenn. 1983). Defendant has failed to properly allege any basis upon which this Court has jurisdiction. Accordingly, Defendant is ORDERED TO SHOW CAUSE within fourteen (14) days of the date of this Order why this action should not be dismissed for lack of subject matter jurisdiction. The filing of an amended Notice of Removal that establishes federal subject matter jurisdiction by

properly alleging the existence of diversity of citizenship and by providing the Court with a copy of all process, pleadings, and orders will be deemed responsive to this Order.

It is so ORDERED. The Clerk of the Court is directed to send a copy of this Order to all parties.

ENTERED: _____
U.S. District Judge

7-20-05
Date